**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-1567**

JOHN ROSWELL,

Plaintiff - Appellant,

v.

MAYOR AND CITY COUNCIL OF BALTIMORE,

Defendant - Appellee,

and

BRANDON SCOTT, in his official capacity as Mayor of Baltimore; ALICE KENNEDY, in her official capacity as Commissioner of the Baltimore City Department of Housing and Community Development; CHRISTOPHER JOHNSTON, in his official capacity as Inspector of the Baltimore City Department of Housing and Community Development,

Defendants.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge.  (1:22-cv-02587-RDB)

Submitted:  November 1, 2023                    Decided:  December 19, 2023

Before WILKINSON and GREGORY, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** B. Tyler Brooks, THOMAS MORE SOCIETY, Chicago, Illinois; Cameron E. Guenzel, JOHNSON FLODMAN GUENZEL & WIDGER, Lincoln, Nebraska; J. Calvin Jenkins, LAW OFFICES OF J. CALVIN JENKINS, JR., Hunt Valley, Maryland, for Appellant. Ebony M. Thompson, Acting City Solicitor, Renita L. Collins, Deputy Chief of Litigation, Hanna Marie C. Sheehan, Chief Solicitor, Litigation, Michael Redmond, Director, Appellate Practice Group, BALTIMORE CITY DEPARTMENT OF LAW, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Roswell regularly protests outside of a Planned Parenthood facility in Baltimore, Maryland. Until a few years ago, he often employed freestanding A-frame signs, placed on a public sidewalk, to help "present[] information regarding abortion and its alternatives." (J.A.[1] 10). However, in July 2020, Roswell received a citation for "Prohibited posting of signs on public property," in violation of Baltimore City Code, Art. 19, § 45-2. As a result, Roswell stopped using his signs and, eventually, commenced this action against the Mayor and City Council of Baltimore ("the City"), alleging that the City had violated his First Amendment rights to freedom of speech and free exercise of religion. Along with his complaint, Roswell filed a motion for a preliminary injunction, seeking to enjoin the City's enforcement of certain ordinances and permitting requirements that impeded his ability to use his A-frame signs. The district court denied the motion, and we affirm.

"We review a district court's denial of a preliminary injunction for abuse of discretion, reviewing factual findings for clear error and legal conclusions de novo." *Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 2 F.4th 330, 339 (4th Cir. 2021). "A preliminary injunction is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Roe v. Dep't of Def.*, 947 F.3d 207, 219 (4th Cir. 2020) (internal quotation marks omitted). To make this showing, the plaintiff "'must establish that he is likely to succeed on the merits, that he is likely to suffer

---

[1] "J.A." refers to the joint appendix filed in this appeal.

3

irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Miranda v. Garland*, 34 F.4th 338, 358 (4th Cir. 2022) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

The district court held that Roswell failed to satisfy his burden on all four prongs of the preliminary injunction test. First, the court determined that Roswell had not shown irreparable harm, given that the prohibition on sidewalk signs had not entirely restricted his ability to communicate with people entering the Planned Parenthood facility. *See Lone Star Sec. & Video, Inc. v. City of Los Angeles*, 827 F.3d 1192, 1202 (9th Cir. 2016) (upholding ban of mobile billboards—appellants' preferred method of communication— because appellants were "free to disseminate their messages through myriad other channels"). In addition, the court found that Roswell had unduly delayed in seeking injunctive relief, further undermining any claim of irreparable harm and also tipping the balance of equities in the City's favor. *See Quince Orchard Valley Citizens Ass'n, Inc. v. Hodel*, 872 F.2d 75, 80 (4th Cir. 1989) ("Since an application for preliminary injunction is based upon an urgent need for the protection of a Plaintiff's rights, a long delay in seeking relief indicates that speedy action is not required." (cleaned up)). Next, the court concluded that an injunction would not serve the public interest, reiterating that Roswell's First Amendment rights were still intact and emphasizing the importance of allowing the City "to determine and act for [the] general welfare of its inhabitants, specifically through municipal ordinances." (J.A. 299 (internal quotation marks omitted)). And finally, the court determined that Roswell had not demonstrated a likelihood of success on the merits.

4

On appeal, Roswell spends the lion's share of his brief discussing the merits of his First Amendment claims, dedicating just a handful of pages to the other three parts of the preliminary injunction test.  This imbalance is striking, given that Roswell can prevail only if he satisfies all four prongs.  So, turning to the second, third, and fourth requirements, Roswell baldly asserts that his inability to use sidewalk signs constitutes irreparable harm; attempts to downplay his substantial delay in seeking an injunction; and insists that there can be no public interest in permitting the City to violate his First Amendment rights by enforcing its allegedly unconstitutional ordinances.  We find that these broad, largely conclusory arguments fail to establish an abuse of discretion in the district court's thoughtful assessment of these issues.[2]

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Consequently, we need not reach—and we express no opinion on—the question of whether Roswell is likely to succeed on the merits of his claims.